UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRIDGET GREENE,** | § § § | |
| **Plaintiff,** | § | |
| VS. | § § | CIVIL ACTION NO. 4:13-CV-02375 |
| **FMC TECHNOLOGIES, INC.,** | § § § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Plaintiff Bridget Greene, who is African-American, has brought this suit claiming that Defendant FMC Technologies has discriminated against her, on account of her race, in violation of Title VII. Plaintiff seeks discovery of Defendant's affirmative action plans. When the parties were unable to reach agreement as to production of the plans, Plaintiff filed a Motion to Compel. The Court has now concluded an *in camera* review of the document entitled "2012 Affirmative Action Plan" (the "Plan").

Defendant objects to production, arguing that the plans are not relevant, that production is not required pursuant to the self-critical analysis privilege, and that Defendant has already produced all of the data on which the plans are based. The parties appear to agree that the Fifth Circuit has neither adopted nor rejected a privilege for "self-critical analysis." *In re Kaiser Aluminum and Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000). Accordingly, this court does not rely on this ostensible doctrine. It turns, instead, to the arguments of relevance, and the sufficiency of documents already produced.

The context of the parties' disagreement is somewhat unusual. More commonly, affirmative action programs are used by non-minority plaintiffs to allege that such

1

programs impermissibly discriminate against them. *See Dallas Fire Fighters Ass'n v. City of Dallas, Tex.*, 150 F.3d 438 (5th Cir. 1998) (white and Native American plaintiffs challenging the appointment of an African American).

The Court's own review of the Plan suggests absolutely no wrongdoing by Defendant. However, Plaintiff should have the opportunity to review the Plan to see if, in any particular, Defendant deviated from its terms vis-a-vis Plaintiff. Conceivably, such a deviation could be support for Plaintiff's case.

The Court first requires the parties, to the extent they have not done so already, to enter into a protective agreement that will prevent any further communication of the Plan beyond the attorneys in this case. Once that has been done, Defendant will produce to Plaintiff the first thirteen pages of the Plan ("Executive Order 11246 Affirmative Action Program for Women and Minorities"), and any language from the previous year's plan that deviates from that section of the Plan.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 6th day of August, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE